BILLIE G. GILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gill v. Commissioner
Docket No. 22886-90
United States Tax Court
T.C. Memo 1993-274; 1993 Tax Ct. Memo LEXIS 279; 65 T.C.M. (CCH) 2993; June 24, 1993, Filed *279 Decision will be entered under Rule 155. Billie G. Gill, pro se. For respondent: Frank D. Armstrong, Jr.
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec. Sec. Year
Deficiency
6653(b)(1)
6653(b)(2)
6653(b)(1)(A)
6653(b)(1)(B)
1983
$ 3,545
$ 1,773
*
-  -
1984
7,174
3,587
*
-  -
1985
6,236
3,118
*
-  -
1986
5,707
-  -
$ 4,280
*
Respondent has conceded the fraud penalties asserted in the notice of deficiency, in addition to other concessions. [1]
*280 The only issue remaining for decision is whether petitioner is an innocent spouse within the provisions of section 6013(e). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts is incorporated herein by this reference. Petitioner resided in Vilas, North Carolina, when she filed her petition in this case. She was married to Robert E. Gill (Mr. Gill) and filed joint Federal income tax returns with him during the taxable years in issue. Mr. Gill filed a separate petition with this Court (docket No. 23527-90). At the date of trial petitioner was still married to Mr. Gill, although he had abandoned her about a year earlier, taking all his business records with him. She has not seen him nor received any support from him since. During the years in issue, Mrs. Gill was a full-time homemaker and had no income of her own other than nontaxable Social Security disability benefits. Mr. Gill was employed as an outside salesman engaged *281 primarily in the sale of x ray film to health professionals and hospitals. The deficiency in petitioner's income taxes for the years in issue arose primarily from deductions denied by respondent for Mr. Gill's employee business expenses and medical expenses in each of the years in issue; state sales tax in 1983 through 1985; Schedule A interest expense and moving expenses in 1985; and rental depreciation and other rental expenses in 1986. Small amounts of interest income for 1984 through 1986, taxable Social Security in 1985, and rental expense in 1986 appear not to be contested by petitioner. Throughout the marriage Mr. Gill completely controlled all the finances. During the years in issue, the Gills did not maintain a joint checking account. The only money petitioner had during the marriage was her own Social Security check, which she deposited in a separate checking account each month and which she used for her own personal expenses. During the years in issue, Mrs. Gill's standard of living was modest. Mrs. Gill and her husband did not own a home. The car driven by petitioner was purchased from her own disability income. Petitioner's current living standards remain similarly *282 modest. Petitioner's only participation in the filing of the returns was to examine her cancelled checks for the charitable deduction amount, namely the church. Mrs. Gill had no knowledge of how much money Mr. Gill earned or how much money he had. She never participated in his business and had no access to his books and records. At times he was physically abusive, and Mrs. Gill was afraid to contradict or question him. Thus, when the return was ready for filing, Mrs. Gill signed it without review, questions, or discussion. Mr. Gill refused to cooperate with respondent or her revenue agents. At calendar call, Mr. Gill did not appear in person, although he was represented by counsel. Respondent's motion to dismiss Robert E. Gill for lack of prosecution was granted. At the time of trial, Mrs. Gill was 64 years of age. Her only income is disability payments from Social Security. Her only asset is a small amount of equity in her house, which was purchased with a small inheritance from her mother. OPINION A husband and wife who file a joint return are jointly and severally liable for the tax due. Sec. 6013(d)(3). However, a taxpayer who qualifies as an innocent spouse under *283 section 6013(e) is relieved of such liability. Section 6013(e) is remedial statute. Its sole purpose is to remedy, in certain circumstances, the inequities which sometimes result from the imposition of joint liability. To effectuate that purpose, its provisions should be construed and applied liberally in favor of those whom the statute was designed benefit. [Fn. refs. omitted.]
, affg. in part, revg. in part and remanding . To qualify for relief from joint and severable liability under section 6013(e), a taxpayer must prove the following: (1) A joint return has been made for the tax year; (2) there is substantial understatement of tax attributable to grossly erroneous items of the other spouse on the return; (3) the innocent spouse establishes that in signing the return he or she did not know or have reason to know of the substantial understatement; and (4) under all the facts and circumstances, it would be inequitable to hold the innocent spouse liable for the deficiency and tax resulting from the substantial understatement. All four statutory *284 requirements must be met for the taxpayer to be afforded relief. See . Petitioner bears the burden of establishing that each element has been satisfied. . There is no dispute that a joint return was filed. A spouse seeking relief must show that a substantial understatement of tax is attributable to grossly erroneous items of the other spouse. Sec. 6013(e)(1)(B). A substantial understatement means any understatement which exceeds $ 500. Sec. 6013(e)(3). Petitioner clearly satisfies this requirement as the understatements in this case range from $ 3,545 to $ 7,174. Respondent contends that petitioner has not established that the deductions claimed by Mr. Gill and disallowed by respondent were grossly erroneous items as defined by section 6013(e)(2). For purposes of section 6013(e) a grossly erroneous item is defined as (1) "any item of gross income attributable to such spouse which is omitted from gross income" and (2) "any claim of a deduction, credit, or basis by such spouse in any amount for which there is *285 no basis in fact or law." Sec. 6013(e)(2); . In Douglas, we explained: a deduction has no basis in fact when the expense for which the deduction is claimed was never, in fact, made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well settled legal principles or when no substantial legal argument can be made to support its deductibility. Ordinarily, a deduction having no basis in fact or law can be described as frivolous, fraudulent, or * * * phony. [; fn. ref. omitted.]
As a general rule, inability to substantiate deductions that are disallowed will not, without more, prove lack of basis in fact or law. See . In supporting papers attached to the notice of deficiency, [2] respondent attributed the following adjustments to fraud: 1983
1984
1985
1986
a)
Employee business expenses
$ 13,440
$ 20,230
$ 16,037
$ 12,122 b)
State sales tax
15
412
4,998
( 76)
c)
Other medical
1,571
-  -  -  d)
Interest income
-  20
20
152 e)
Interest expense
-  -  5,545
-  f)
Moving expense
-  -  715
-  g)
Rental depreciation
-  -  -  4,266 h)
Other rental expense
-  -  -  1,604 *286 However, after taking into account concessions by respondent (see supra note 1 nos. 1-2) and the items respondent now concedes are "grossly erroneous" (see supra note 1 no. 3) the amounts originally attributed to fraud that remain at issue for the purposes of section 6013(e) are: [3]
1983
1984
1985
1986
a)
Employee business expenses
$ 11,137
$ 15,081
$ 12,426
$ 8,567 b)
State sales tax
15
-  128
( 76)
c)
Other medical
1,571
-  -  -  d)
Interest income
-  20
20
152 e)
Interest expense
-  -  5,545
-  f)
Rental depreciation
-  -  -  4,266 g)
Other rental expense
-  -  -  1,604 h)
Recapture ITC
-  -  -  74 *287 Respondent subsequently conceded the fraud issue as to both Mr. and Mrs. Gill. Since all but one item of income was attributed to Mr. Gill, the evidence would not have supported fraud against petitioner in any event. As to Mr. Gill, the concession of fraud may have been due more to Mr. Gill's state of mind than to the nature of the deductions. Mr. Gill did not appear for trial to offer evidence on his own behalf; and respondent continues to assert the amounts claimed were never paid. See . We hold that the above deductions, with the exception of the $ 152 interest income in 1986 which was a joint income tax refund, had no basis in fact and are thus grossly erroneous items of Mr. Gill. In like manner, we hold that the interest income omissions for 1984 and 1985 are grossly erroneous items of Mr. Gill. Notwithstanding, we find the following deductions were not grossly erroneous as defined in section 6013(e): 1983
1984
1985
1986
a)
Medical
$ 672
$ 898
$ 925
$ 907
b)
Taxable Social Security
- - 1,707
- c)
Interest income
- - - 152
Therefore, petitioner is not relieved *288 from liability as to these items. Next, petitioner must show that she did not have actual knowledge of the understatement of tax and that the understatement was not of such a character that a reasonably prudent person, considering her experience and temperament, would have known of the understatement. Sec. 6013(e)(1)(C); . Factors to be considered when deciding whether the alleged innocent spouse had "reason to know" of the substantial understatement include the spouse's involvement in the family business and affairs, the presence of expenditures that appear lavish compared to the family's past standard of living, and the culpable spouse's evasiveness and deceit concerning the couple's finances. See . During the years in issue, Mr. Gill controlled all the finances for his business and the household. The Gills did not maintain a joint checking account. The only money petitioner had during the marriage was her own Social Security check, which she deposited in her separate checking account each month and which she used for her *289 own personal expenses. Mrs. Gill had no knowledge of how much money Mr. Gill earned or how much money he had. She never participated in his business and had no access to his books and records. Petitioner's only participation in the filing of the returns was to examine her cancelled checks for the charitable deduction amount, primarily the church. At times he was physically abusive, and Mrs. Gill was afraid to contradict or question him. Thus, when the return was ready for filing, Mrs. Gill signed it without review, questions, or discussion. Mrs. Gill's standard of living during the years in issue was, and remains, modest. We find on these facts that the third condition required by statute has been met. Finally, petitioner must show that it would be inequitable to hold her liable for the tax liability. See 6013(e)(1)(D). Petitioner did not lead a lavish or unusual lifestyle. The Gills did not own a home, and the car driven by petitioner was purchased from her disability income. She did not benefit from Mr. Gill's income or overstated deductions and, in fact, has been abandoned by Mr. Gill. Thus, we find that it would be inequitable to hold her liable for her husband's *290 tax liability. However, petitioner is liable for income tax, if any, on the interest income in 1986 and the deductions which were not grossly erroneous. As to the other items, we determine that petitioner qualifies as an innocent spouse under section 6013(e) and is relieved of the tax liability. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
*. Plus 50 percent of the interest due on deficiencies of $ 3,545, $ 7,174, $ 6,236 and $ 5,707 for 1983, 1984, 1985, and 1986, respectively.↩
1. By notice to this Court, respondent made the following post-trial concessions: 1. Petitioner, without regard to the innocent spouse provisions of sec. 6013(e) is entitled to claim additional employee business expense deductions for 1983, 1984, 1985, and 1986 in the amounts of $ 183, $ 2,120, $ 659, and $ 3,555, respectively. 2. Petitioner, without regard to sec. 6013(e) is entitled to claim an additional moving expense deduction for 1985 in the amount of $ 2,090. 3. The following items constitute "grossly erroneous items" under sec. 6013(e): a. Sales tax in the amount of $ 4,870 deducted in 1985 but paid by third-party home builder; b. Excessive sales tax in the amount of $ 412 on car and boat deducted in 1984; and c. Excessive automobile depreciation (on inflated basis) deducted in 1983, 1984, and 1985 in the respective amounts of $ 2,120, $ 3,029, and $ 2,952.↩
2. See respondent's notice of deficiency, attachment to Form 4089, pp.2 and 3; see also supra↩ note 1.
3. Although a moving expense deduction of $ 715 for 1985 was originally determined to be fraudulent by respondent, she now concedes petitioner is entitled to claim an additional deduction of $ 2,090 for moving expense in 1985.↩